IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD S. TILDEN, | : |
| Plaintiff, | : |
| v. | : Civ. Act. No. 03-898-JJF |
| RAPHAEL WILLIAMS and STAN TAYLOR, | : |
| Defendants. | : |

---

Richard S. Tilden, <u>Pro Se</u> Plaintiff.

---

**<u>MEMORANDUM OPINION</u>**

September 13, 2005
Wilmington, Delaware

**Farnan, District Judge**

The Plaintiff, Richard S. Tilden, a _pro se_ litigant, has filed this action pursuant to 42 U.S.C. § 1983. For the reasons discussed, Plaintiff's Complaint will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**I.  STANDARD OF REVIEW**

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process. First, the Court must determine whether the plaintiff is eligible for pauper status pursuant to 28 U.S.C. § 1915. In this case, the Court granted Plaintiff leave to proceed _in forma pauperis_ and assessed an initial partial filing fee of $3.20. Plaintiff filed the required form authorizing the payment of fees from his prison account.

Once Plaintiff's eligibility for pauper status has been determined, the Court must "screen" the Complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. § 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).[1] If the Court finds

---

[1] These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the court to dismiss an _in forma pauperis_ complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen prisoner _in forma pauperis_ complaints seeking redress from governmental entities, officers or employees before docketing, if feasible, and to dismiss those complaints falling under the

1

Plaintiff's Complaint falls under any one of the exclusions listed in the statutes, then the Court must dismiss the Complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the Court must apply the standard of review set forth in Fed. R. Civ. P. 12(b)(6). See Neal v. Pennsylvania Bd. of Prob. & Parole, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as appropriate standard for dismissing claim under § 1915A). Accordingly, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that the term "frivolous" as used in Section 1915(e)(2)(B) "embraces not only the inarguable legal conclusion, but also the fanciful factual

---

categories listed in § 1915A (b)(1).

allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[2] Consequently, a claim is frivolous within the meaning of Section 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." Id.

## II. DISCUSSION

By his Complaint, Plaintiff contends that he was arrested on numerous counts of capeas and held for three weeks before being released. Plaintiff contends that he was released under the name Richard D. Tilden which "is a mistaken [sic] of my identity and being falsely accuse [sic]." (D.I. 2 at 3). Plaintiff claims a violation of his Fifth and Sixth Amendment rights and requests "compensat[ion] for each day that I spent here as someone other then [sic] myself . . ." (D.I. 2 at 4).

To prevail on a Section 1983 claim, Plaintiff must demonstrate the personal involvement of the defendant in the form of actual participation or acquiescence in the alleged unlawful conduct. For a supervisory official to be held liable for a constitutional tort by a subordinate, the official must either be "the moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person

---

[2] Neitzke applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915 (e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. See § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citations omitted). Plaintiff has not raised any specific allegations against the Warden or the Commissioner of the Department of Correction. To the extent Plaintiff's claim is based on false arrest, Plaintiff has not alleged that these individuals were the moving force behind any alleged constitutional violation or that they participated in his unlawful arrest. To the extent that Plaintiff alleges unlawful incarceration, Plaintiff also makes no specific allegations against these individual Defendants.[3] Because Plaintiff has failed to allege any grounds to state a claim against Defendants, the Court concludes that Plaintiff's Complaint has no arguable basis in law or fact, and therefore, the Court will dismiss Plaintiff's Complaint as frivolous.

To the extent Plaintiff is currently incarcerated for a conviction related to the charges for which he was arrested, the Court concludes that Plaintiff cannot state a claim for compensatory damages under Section 1983, unless Plaintiff demonstrates that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

---

[3] The Court also concludes that Plaintiff fails to state a Due Process or Eighth Amendment claim against Defendants based on his alleged wrongful incarceration. Plaintiff makes no allegation that Defendants were on notice of the alleged mistake in his identity or that Defendants refused to investigate any claims made by Plaintiff that he was entitled to release.

4

state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Plaintiff has made no such allegations in his Complaint, and therefore, the Court concludes that Plaintiff's Complaint lacks an arguable basis in law or fact. Accordingly, the Court will dismiss Plaintiff's Complaint as frivolous.

    An appropriate Order will be entered.